UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-338-MWF (KK)** | Date: | July 2, 2019 |

Title: *Garey Lee Smith v. Josie Gastelo*

---

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Denying Respondent's Motion to Dismiss Without Prejudice and Requiring Briefing on the Merits [Dkt. 12]

Petitioner Garey Lee Smith ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss ("Motion") arguing the Petition is untimely. Petitioner filed an Opposition ("Opposition"). For the reasons stated below, the Court DENIES Respondent's Motion without prejudice.

## I.
## PROCEDURAL HISTORY

On May 10, 2012, after a jury trial, Petitioner was convicted of first degree murder with use of a deadly weapon in Riverside County Superior Court ("Superior Court"). ECF Docket No. ("Dkt.") 1 at 2; Lodg. 1, Abstract of Judgment.[1] On June 13, 2012, Petitioner was sentenced to a total term of fifty years to life in state prison. Id.

Petitioner filed a direct appeal in the California Court of Appeal ("Court of Appeal"). Lodg. 2. On April 8, 2014, the Court of Appeal affirmed Petitioner's conviction in a reasoned decision. Lodg. 5.

---
[1] Citation to Lodged Documents ("Lodg.") refers to the documents lodged by Respondent in support of the Motion to Dismiss. Dkt. 13, Notice of Lodging.

Petitioner filed a petition for review in the California Supreme Court. Lodg. 6. On July 16, 2014, the California Supreme Court denied review. Lodg. 7.

On October 26, 2017, Petitioner constructively[2] filed a state petition for writ of habeas corpus ("First Habeas Petition") in the Superior Court. Lodg. 8. Petitioner explained his mental health prevented him from filing the First Habeas Petition earlier. Id. at 24. Petitioner also explained he had only recently received his case file from his trial counsel containing "more than one thousand pages of [Petitioner's] mental health records that had been previously withheld from him." Id. On November 21, 2017, the Superior Court denied the First Habeas Petition for failure "to state a prima facie factual case supporting the petitioner's release" and failure "to establish prejudice." Lodg. 9.

On January 17, 2018, Petitioner constructively filed a state petition for writ of habeas corpus in the Court of Appeal ("Second Habeas Petition"). Lodg. 10. Petitioner again explained the delay in filing was due to his mental health and the quantity of records he had recently received from his trial counsel. Id. at 29. On April 16, 2018, the Court of Appeal summarily denied the Second Habeas Petition. Lodg. 11.

On May 16, 2018, Petitioner constructively filed a state habeas petition in the California Supreme Court ("Third Habeas Petition"). Lodg. 12. Petitioner again explained the delay in filing was due to his mental health and the quantity of records he had recently received from his trial counsel. Id. at 49. On January 16, 2019, the California Supreme Court denied the Third Habeas Petition. Lodg. 13.

On February 10, 2019, Petitioner constructively filed the instant Petition. Dkt. 1, Pet. On April 24, 2019, Respondent filed the instant Motion arguing the Petition is untimely by over three years and Petitioner is not entitled to equitable tolling. Dkt. 12, Mot. On May 23, 2019, Petitioner filed an Opposition. Dkt. 17. The matter thus stands submitted.

## II.
## ANALYSIS

### A. THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMITATIONS PERIOD

Petitioner filed the Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Pet. at 8. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"). "When, on direct appeal, review is sought in the state's highest

---

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court." Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

Here, Petitioner's conviction became final on October 14, 2014, i.e., ninety days after the California Supreme Court denied Petitioner's petition for review on July 16, 2014. Thus, AEDPA's one-year statute of limitations commenced the next day, October 15, 2014, and expired on October 15, 2015. 28 U.S.C. § 2244(d)(1). Petitioner did not constructively file the instant Petition until February 20, 2019. Pet. at 21. Thus, in the absence of statutory or equitable tolling, the Court deems the Petition untimely by over three years under Section 2244(d)(1). Thompson, 681 F.3d at 1093.

### B. STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

Here, Petitioner concedes he did not file any state habeas petitions until October 26, 2017 – two years after the one-year limitation period had expired on October 15, 2015. See Lodgs. 7, 8. Therefore, statutory tolling does not render the Petition timely.

### C. PETITIONER'S POTENTIAL ENTITLEMENT TO EQUITABLE TOLLING

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2014) (internal citation and quotation marks omitted).

Determining whether equitable tolling is justified is a "fact-specific inquiry." Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). If the Court finds a petitioner has made "a non-frivolous showing that he had a severe mental impairment during the filing period", the petitioner is entitled to an evidentiary hearing to meet his burden to show he was in fact mentally impaired, his mental impairment made it impossible to timely file on his own, and he was otherwise diligent in attempting to comply with filing requirements. Bills, 628 F.3d at 1100-01.

Here, it is unclear whether Petitioner might be entitled to equitable tolling based on his mental health and delay in receiving a voluminous file from trial counsel.

First, Petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period. In the Petition, Petitioner argues he was diagnosed with "depression and post traumatic stress disorder and generalized anxiety" and his depression and anxiety were so bad that after his conviction he continued to take numerous prescribed psychiatric medications and rarely left his cell. Dkt. 1 at 36. In support of his Opposition, Petitioner includes a declaration explaining that from June 2012 until he arrived at California Men's Colony-West five years later, he was on and off of psychiatric medications due to prison politics and without the medication his fear of crowds prevented him from leaving his cell. Dkt. 17. Petitioner attaches various mental health records from 2012 through 2017 to support his statements that his anxiety and PTSD prevented him from leaving his cell. See Dkt. 18. Petitioner reported he did not always go to the chow hall to get food in order to avoid the crowds and would not leave his cell to complete his job assignment as building porter. See Dkts. 17, 18.

In addition, Petitioner acted diligently as soon as he received his file from trial counsel in June 2017. Petitioner filed the First Habeas Petition only three months after he received his file from trial counsel, which allegedly contained "more than one thousand pages" of mental health records that Petitioner argues are relevant to his claims for relief. See Lodg. 8. Petitioner filed his Second Habeas Petition within two months after the denial of the First Habeas Petition. See Lodgs. 9, 10. Petitioner filed the Third Habeas Petition within one month after the denial of the Second Habeas Petition. See Lodgs. 11, 12. Petitioner then filed the instant Petition within one month of the denial of the Third Habeas Petition. See Lodg. 13; Dkt. 1.

Finally, the state court was presented with Petitioner's explanation for the delay in filing his state habeas petitions, but declined to find the state habeas petitions untimely. The Superior Court denied the First Habeas Petition in a form-denial, which presents a variety of options outlining grounds for denying a habeas petition. See Lodg. 9. The Superior Court marked as its reasons for denying the First Habeas Petition that the petition "fails to state a prima facie case supporting the petitioner's release" and "failed to establish prejudice." Id. Notably, the Superior Court did not to mark as its reason for denial that the petitioner "unreasonably delayed filing the petition after the facts occurred that allegedly justifies relief." Id. Therefore, while not necessarily dispositive of timeliness in this Court, it is relevant to this Court's analysis of timeliness that the California Supreme Court appears to have found the state court petitions timely. See Trigueros v. Adams, 658 F.3d 983, 989-90 (9th Cir. 2011) (holding the California Supreme Court found a two-and-a half year delay was reasonable because the California Supreme Court "had the timeliness question before it, and did not cite to cases involving a timeliness procedural bar").

As federal courts may reach the merits of habeas petitions prior to adjudicating the issue of procedural default, and in light of the potential need to hold an evidentiary hearing in order to resolve the issue of timeliness, the Court declines to rule on the timeliness of the Petition at this time. See Ayala v. Chappell, 829 F.3d 1081, 1096 (9th Cir. 2016) (citing Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002)). Accordingly, the Court instructs Respondent to file an Answer addressing the merits of the Petition's claims.

///

# III.
# ORDER

IT IS THEREFORE ORDERED:

1. Respondent's Motion to Dismiss based on untimeliness is denied without prejudice.

2. Respondent is instructed to file and serve an Answer to the Petition addressing the merits of the Petition's claims within **thirty (30) days of the date of this Order.**